UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARYL BLACK, : NO. 1:08-CV-00584
:
    Plaintiff, :
: **OPINION AND ORDER**
  v. :
:
THE CITY OF BLUE ASH, et al., :
:
    Defendants. :

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (doc. 11), Plaintiff's Response in Opposition (doc. 17), and Defendants' Reply (doc. 18). For the reasons indicated herein, the Court DENIES Defendants' Motion.

**I. Background**

The facts of this matter, which for the purposes of the instant motion are taken to be true, are alleged in Plaintiff's Amended Complaint, as follows. On August 28, 2007, Plaintiff was a passenger in a vehicle driven by Charles Wayne Bennett (doc. 10). Bennett made a U-turn that Defendant police officer Scott Noel ("Noel") observed (Id.). Noel commenced pursuit of the vehicle, which became a high-speed chase (Id.). Noel allegedly communicated falsely over dispatch radio, to all other officers that he "just had a vehicle try to ram me" (Id.). Plaintiff alleges Defendant Noel lied so as to justify his high speed pursuit, which under

district policy was not warranted for a minor traffic violation (Id.). Plaintiff further alleges that Defendant Noel further communicated to other officers that Bennett "almost tried to ram me three times," and that "I am going to take this guy out if I get a chance." (Id.).

Ultimately other officers rammed Bennett's vehicle, and an officer leaped onto the hood and riddled the vehicle with bullets at close range (Id.). The officers shot Bennett six times, which killed him (Id.). Plaintiff was not struck by the bullets and survived the event (Id.).

Plaintiff filed his Amended Complaint on December 15, 2008, alleging Defendant Noel intentionally and maliciously engaged in a course of conduct that unnecessarily created a risk of grievous and deadly harm to Plaintiff that was excessive and completely unnecessary (doc. 10). Plaintiff further alleges that Noel's employer, Defendant City of Blue Ash ("Blue Ash"), failed to train and supervise Noel, due to prior incidents (Id.). Moreover, Plaintiff alleges Blue Ash failed to take any corrective supervisory action against its officers, and thus was deliberately indifferent to the Plaintiff's right to be free of excessive force (Id.). Plaintiff brings his first claim for relief pursuant to 42 U.S.C. § 1983, claiming Defendants' actions amounted to violations of his right to due process of law, the right to be free of unreasonable searches and seizures, and the right to be free of

excessive force (Id.).  In his second claim, Plaintiff alleges Defendants' actions amounted to assault and the intentional infliction of emotional distress under state law (Id.).  In his third claim, Plaintiff alleges damages for physical injury, severe emotional distress, medical expenses, destruction of income earning capacity, and loss of enjoyment of life (Id.).  Defendants argue Plaintiff's claims pursuant to Section 1983 should all be dismissed, and that such dismissal should lead to the dismissal of the state law claims as well (doc. 11).  Plaintiff filed his Response (doc. 17), and Defendants their Reply (doc. 18), such that this matter is ripe for the Court's consideration.

## II. The Applicable Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47

(1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). A complaint must plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a

Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. The Parties' Arguments**

Defendants argue the factual allegations in Plaintiff's Amended Complaint do not support a claim based on Defendant Noel's use of "falsified" facts, that the Fourth Amendment is not implicated in the chase of the vehicle by Noel, and that there are no specific allegations of any deprivation of substantive or procedural due process due to Plaintiff (doc. 11). Further, Defendant argues there are no allegations that Defendant Blue Ash had any custom or policy that harmed Plaintiff, and that the City cannot be liable for failure to train, investigate, or discipline the officers, who are themselves not subject to liability (Id.).

Defendants argue Plaintiff's claims fail because a pursuit is not a seizure and therefore there is no Fourth Amendment claim based on the use of a police officer's falsified facts (Id. citing Franks v. Delaware, 438 U.S. 154 (1978), County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998)(a police pursuit does not amount to a seizure). Further, Defendants argue Plaintiff

5

does not allege that Noel used any force against him, his claim for excessive force fails as a matter of law (Id.). Defendants argue the allegation that Noel created a danger of harm is not sufficient to state a claim that Noel deprived Plaintiff of a specific constitutional right (Id.). As for Plaintiff's due process claims, Defendants argue such claims should fail as they are based on conclusory allegations (Id. citing Chapman v. City of Detroit, 808 F.2d 459, 465)(6th Cir. 1986)).

Finally, Defendants argue Plaintiffs' claims against Blue Ash should fail because he fails to allege he was injured as a result of a municipal custom or policy (Id.). While Plaintiff alleges Blue Ash has an express policy governing high speed pursuits, contend Defendants, Plaintiff fails to allege the enforcement of such policy caused him damage (Id.). Instead, contend Defendants, Plaintiff actually alleges the contrary, that Noel did not follow the high speed chase policy (Id.).

Likewise, Defendants contend Plaintiff fails to state a claim against Blue Ash for failure to train, investigate, discipline, or supervise because Noel did not seize Plaintiff, did not use excessive force, and did not cause Plaintiff any actual injury or violate any due process rights (Id.). Similarly, Defendants contend as Plaintiff has not alleged that any other officers caused deprivation of his constitutional rights, his allegations for failing to take corrective supervisory action

6

against any other such officers must fail (Id.).

Plaintiff responds that Defendants attempt to fragment the events underlying Plaintiff's claim rather than analyzing the facts on a continuum (doc. 17). Plaintiff argues Defendants could not argue there is no substantive due process claim where, as alleged here, Defendant Noel relayed false information with the intent to cause physical injury and/or to worsen Plaintiff's legal plight (Id.). Plaintiff contends that even though Defendant Noel did not jump on Bennett's vehicle or shoot a barrage of bullets into the vehicle, Defendant Noel's actions gave rise to the seizure and excessive force claims (Id. citing Floyd v. City of Detroit, 518 F.3d 398, 406-07 (6th Cir. 2008)). As for Defendant Blue Ash, Plaintiff signals that he specifically pled it was on notice of the obvious need to train and supervise Noel due to prior incidents showing reckless behavior on his part (Id.). Moreover, contends Plaintiff, Blue Ash also failed to investigate the events giving rise to his claims and taking corrective action (Id.). Thus, in Plaintiff's view, there are no grounds to dismiss the claims against Blue Ash (Id.).

Defendants reply framing the argument as follows, "the issue is whether the uninjured passenger of a stolen vehicle chased and caught by the police has stated a claim under 42 U.S.C. § 1983 against the police officer (Scott Noel) who initiated (but did not end) the chase, and the City (Blue Ash) for which he worked" (doc.

18). Defendants then argue Plaintiff has not brought a viable Fourteenth Amendment substantive due process claim because 1) Plaintiff was ultimately seized such that Fourth Amendment jurisprudence applies under <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (a plaintiff's claim is inappropriate under the Fourteenth Amendment if his claim involves searches and seizures covered under the Fourth Amendment), and 2) Plaintiff's Complaint does not allege that Officer Noel's conduct "shocked the conscience" and employed force maliciously or sadistically towards Plaintiff (<u>Id</u>.). As for the second argument, Defendants contend the evidence does not show an intent to harm Plaintiff physically, as Noel's statement that he would "take <u>this</u> <u>guy</u> out" was directed at the driver of the vehicle (<u>Id</u>.). Moreover, Defendants contend it would require an unwarranted factual inference to conclude Noel knew there was a passenger in the car based on a portion of the cruiser video showing there was a passenger in the fleeing vehicle (<u>Id</u>. <u>citing</u> <u>Jones v. Cincinnati</u>, No. 1:04-CV-616, 2006 U.S. Dist. LEXIS 75430, at *13 (S.D. Ohio, October 17, 2006)(the Court need not accept as true legal conclusions or unwarranted factual inferences in the context of a motion to dismiss)). Similarly, Defendants argue it would require an unwarranted factual inference to conclude Plaintiff suffered an injury based on his mere allegation that he did so (<u>Id</u>.).

Defendants next contend the factual allegations in

8

Plaintiff's Complaint do not support a claim based on a police officer's use of falsified facts because it is necessary to show 1) the officer made a false statement knowingly and intentionally, or with reckless disregard for the truth, and 2) if, with the [officer's] false material set to one side, the [defendant's] conduct is insufficient to establish probable cause (Id. citing Hinchman v. Moore, 312 F.3d 198, 205-06 (6th Cir. 2002), and Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir. 1989)).  Here, Defendants argue, even without the alleged false statements, the officers had probable cause to stop Bennett's vehicle based on the underlying traffic violation (Id.).  As such, in Defendants' view, Plaintiff has failed to state a claim based on any alleged false statements by Noel (Id.).

Defendants next reiterate that Plaintiff does not allege that Noel used any force (Id.).  Defendants argue that Noel is only alleged to have engaged in a pursuit of the vehicle, and this cannot constitute a seizure or a use of force (Id.).  Defendants argue that Plaintiff's invocation of Floyd v. City of Detroit, 518 F.3d 398, 406-07 (6th Cir. 2008) is misplaced because in that case, a defendant officer who shot and missed the plaintiff was found to be liable for escalating the situation, whereas here, Noel fired no shots (Id.).  Unlike the Floyd plaintiff, Defendants contend, the Plaintiff here was neither struck nor injured by any of the bullets (Id.).

9

Defendants argue finally that the City of Blue Ash cannot be liable for any claim against it for failure to train, investigate, discipline, or supervise, because Noel did not violate Plaintiff's rights (Id.). Defendants contend as Noel is not liable under the allegations of the Amended Complaint, then neither can Blue Ash be liable (Id. citing May v. Franklin County Commissioners, 437 F.3d 579, 586 (6th Cir. 2006)(there can be no municipality liability for failure to train where plaintiff fails to show conduct violating constitutional rights)). Similarly, Defendants argue any Complaint against Blue Ash for failure to take corrective action against "other" police officers must fail, as Plaintiff has not alleged that other officers caused any deprivation of Plaintiff's constitutional rights (Id.).

**IV. Discussion**

The Court agrees with Plaintiff that Defendants incorrectly fragment the events he alleges, and fail to adequately challenge the allegation that a police office intentionally and maliciously lied in a manner that very foreseeably created a dangerous and harmful situation for Plaintiff. County of Sacramento v. Lewis, 523 U.S. 833 (1998)(case involving a high speed chase in which the high court opined that conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level). Plaintiff further alleges that Blue Ash had

previous warning about Noel due to previous incidents, and failed to train and supervise him, or to investigate properly the events of August 28, 2007. Under these facts, the Court finds no basis to dismiss the Defendants or the Amended Complaint.

The Court does not find well-taken Defendants' position that Plaintiff's Complaint fails for lack of specificity in alleging a deprivation of due process rights, or in failing to allege conduct that "shocked the conscience." Gary Shane Archey, Jr. v. Hyche, Nos. 90-5631, 90-5863, 1991 U.S. App. LEXIS 12657, * 10 (6th Cir., June 11, 1991)(the legal sufficiency of a complaint does not depend on allegations in the case of "magic words" of the substantive due process standards such as "shocking to the conscience" but rather whether the facts as alleged may reasonably be construed to state a claim that meets those standards), Alexander v. City of Chicago, 994 F.2d 333, 340 (7th Cir. 1993)(there is no need to plead magic words in notice pleading)). The facts as alleged are that Noel repeated false statements so as to unleash the force of his colleagues against the fleeing vehicle. It is reasonable to infer from the allegations that Noel's colleagues misunderstood they were dealing with a driver that used deadly force in the form of a vehicle, against an officer. It is also reasonable to infer that Noel knew there was a passenger in the vehicle, from the fact that Noel's camera shows as much. Under these alleged facts Noel could have known he was subjecting the

11

passenger to great risk, and it is not difficult to find that Plaintiff has adequately pleaded Noel acted maliciously against him.

The Court finds the principle articulated by the Sixth Circuit in Floyd v. City of Detroit, 518 F.3d 398, 406-07 (6th Cir. 2008)) instructive here. Although Defendants attempt to distinguish the case by arguing Noel fired no shots and that in any event, Plaintiff was not struck by any bullet, the Floyd court denied qualified immunity to a police officer that "escalated the situation by unambiguously signaling that such [deadly] force was called for." 518 F.3d at 406-07.

Defendants put emphasis on the fact they have a high-speed chase policy and argue such policy did not cause Plaintiff damage. As such, they contend Blue Ash should not be held liable for a municipal custom or policy under Monell v. Department of Soc. Serv., 436 U.S. 658, 694 (1978). Such argument fails because the allegations state Defendants were on notice about previous incidents involving Noel. Blue Ash therefore can be held liable for failure to train, investigate, discipline or supervise. City of Canton v. Harris, 489 U.S. 378, 390 n.10 (1989)(failure to train officers in the constitutional limitations on the use of force against a fleeing felon can be characterized as a policy of deliberate indifference to constitutional rights).

Defendants also attempt to limit this case under County

of Sacramento. The Court notes the similarity of such case to that at bar, in that County of Sacramento involved the claims on behalf of a passenger on a motorcycle that engaged police in a high speed chase. Defendants rely on the case to argue that there is no substantive due process claim here, because Plaintiff was ultimately "seized," thereby mandating exclusive Fourth Amendment analysis. However, in County of Sacramento, the Court stated that "seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement. . .but only when there is a governmental termination of freedom of movement through means intentionally applied." 523 U.S. at 844. Because the County of Sacramento Plaintiff passenger fell off the motorcycle and was accidentally struck by the patrol car in pursuit, the court found no "seizure" within the meaning of the Fourth Amendment. Id. The court then proceeded to apply substantive due process analysis to the facts of the case, ultimately finding no liability as there was no intent to harm the Plaintiff or to worsen his legal plight. Id. at 854.

The Court is not convinced that the "termination of movement" that occurred in this case was intentionally directed at Plaintiff passenger by the other Blue Ash officers. Moreover, should the other officers had known that Noel's alleged statements were false, they probably would not have engaged in the high speed chase, and they would not have had any basis to ram the vehicle,

13

nor unleash a hail of bullets against two unarmed individuals. In the strictly legal sense, therefore, Plaintiff was not necessarily intentionally arrested, and his case is not bound by the confines of the Fourth Amendment. In some sense, the nature of Plaintiff's stop, within the facts alleged in this case, was based on lies, such that it is more akin to an accidental stop than to a Fourth Amendment seizure.

The Court therefore follows the Supreme Court in finding it appropriate in this instance to apply substantive due process analysis to a case involving a passenger bringing claims arising out of a high speed chase with police. Ultimately, here, Plaintiff alleges facts that can be viewed to show intent to harm or worsen his legal plight, in that Noel allegedly made false statements. These allegations fall squarely within the opinion's expressed concerns about arbitrary executive action. 523 U.S. 845. As such, the Court finds it appropriate to reject Defendants' motion to dismiss.

Finally, the Court weighs Defendants' arguments based on Hinchman v. Moore, 312 F.3d 198, 205-06 (6th Cir. 2002), that even if Noel had not allegedly made the false statements, Defendants still had probable cause to stop the vehicle based on the underlying traffic violation. Surely, the fact the vehicle made a U-turn served as a basis for a stop, and indeed, surely the fact the vehicle took off at a high speed when confronted with police

authority, only bolstered the justification for a police stop. However, in this case, the question is not whether there was a justification for a stop, but rather for the nature of the stop ultimately effected. Clearly, it is an atypical stop for police to ram a vehicle, climb up on the hood, and shower it with bullets. These actions, which serve as the basis of Plaintiff's Complaint, can be reasonably linked by inference as caused by Noel's statements, and are not reasonably linked by inference to the traffic violation or even the high velocity chase.

**V. Conclusion**

Having reviewed this matter, the Court finds Plaintiff's allegations survive Defendants' Motion to Dismiss. The Court finds Plaintiff has alleged that a police officer repeatedly and maliciously lied so as to engage the full force of his colleagues against Plaintiff. Such alleged actions shock the conscience of this Court as an arbitrary abuse of executive power, and fall within the scope of County of Sacramento v. Lewis, 523 U.S. 833 (1998).

The Court further finds that the facts of this case potentially place it somewhere on the border between substantive due process and an unreasonable seizure. Although cognizant of the limitations on substantive due process claims articulated in Graham v. Connor, 490 U.S. 386 (1989), the Court is not convinced that at this early stage of the proceedings, it is appropriate to dismiss either of Plaintiff's alternative theories alleged in the

15

Complaint. It does not appear to this Court that the shooting of a suspect after a U-turn and a high speed chase, amounts to a reasonable use of force. <u>Tennessee v. Garner</u>, 471 U.S. 1, 9 (1985)("notwithstanding probable cause to seize a suspect, an officer may not always do so by killing him.") It certainly is not reasonable to effectuate such a stop based on alleged lies by an officer that allegedly had a track record of previous incidents. Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Amended Complaint (doc. 11).

SO ORDERED.

Dated: March 23, 2009         /s/ S. Arthur Spiegel
                                            S. Arthur Spiegel
                                            United States Senior District Judge